United States District Court
Southern District of Texas

**ENTERED**

November 24, 2015

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO MARANDO MARTINEZ, *et al*, | § | |

ARMANDO  MARTINEZ, *et al*,          §
                                     §
          Plaintiffs,                §
VS.                                  §     CIVIL ACTION NO. 7:14-CV-534
                                     §
STATE FARM LLOYDS, *et al*,          §
                                     §
          Defendants.                §

## <u>ORDER AND OPINION</u>

There are several motions pending before the Court in this case. First, Defendant State Farm Lloyds ("State Farm") filed a motion for summary judgment on all of Armando Martinez' ("Mr. Martinez") and Aurora Martinez' ("Mrs. Martinez") (collectively "Plaintiffs") contractual and extra-contractual claims.[1] Plaintiffs timely responded,[2] State Farm replied,[3] and Plaintiffs sur-replied.[4] Second, Plaintiffs have filed a motion to compel appraisal and abate the case,[5] and State Farm timely responded.[6] Third, Plaintiffs filed a motion for continuance of the proceedings on State Farm's motion for summary judgment.[7] State Farm timely filed a response,[8] and Plaintiff replied.[9] Given the interrelated nature of the motions and common issues involved in their disposition, the Court will consider them concurrently.

---

[1] Dkt. No. 36 ("Motion for Summary Judgment").
[2] Dkt. No. 43 ("Response").
[3] Dkt. No. 47 ("Reply").
[4] Dkt. No. 49 ("Surreply").
[5] Dkt. No. 33.
[6] Dkt. No. 38.
[7] Dkt. No. 42.
[8] Dkt. No. 44.
[9] Dkt. No. 45.

After considering the motions, responsive filings, record, and relevant authorities, the Court **DENIES** the motion for continuance of the proceedings and **GRANTS** State Farm's motion for summary judgment. The Court **DENIES** the motion to compel appraisal as moot.

## I. Background

Plaintiffs' claims arise from damage sustained to their property as a result of an April 2012 storm event in the Rio Grande Valley.[10] On May 7, 2012, Plaintiffs reported an insurance claim for property loss, and State Farm inspected the property on May 14, 2012,[11] estimating the loss to the dwelling at $10,802.78.[12] The State Farm adjuster "found damage to the dwelling roof, shed roof, gutters and a metal carport."[13] On the same day State Farm issued to Plaintiffs the actual cash value payment of $8,325.08 after applying depreciation and deductible.[14]

On June 14, 2012, Mr. Martinez visited State Farm's office and advised it that most of the work was complete, produced a materials invoice from Lone Star Steel for the metal carport that was being repaired, and requested that depreciation be released so he could pay the individuals hired for the repairs.[15] Because of Mr. Martinez' representations that repairs would be completed, State Farm issued payment of the recoverable depreciation in the amount of $1,570.70 on the same day of June 14, 2012.[16] Consequently, State Farm closed the claim on June 14, 2012.[17]

---

[10] Dkt. No. 1, Exh. A ("Plaintiff's Original Petition") at ¶ 14.
[11] Motion for Summary Judgment, Exh. B ("Fluker Declaration") at ¶¶ 2-3; Motion for Summary Judgment, Attachment 3 ("File History Information") at p. 2.
[12] Fluker Declaration at ¶¶ 2-3.
[13] *Id*. at ¶ 3.
[14] *Id*.
[15] *Id*. at ¶ 4; File History Information at p. 1.
[16] *Id*.
[17] *Id*.

On April 25, 2014, Plaintiffs filed the instant lawsuit in state court alleging breach of contract and various insurance-related causes of action against State Farm.[18] Subsequently, on June 21, 2014, State Farm removed the case to this Court.[19] Plaintiffs filed a motion to remand on July 10, 2014,[20] an amended motion to remand on September 11, 2014,[21] and a motion to withdraw the motion to remand on November 3, 2014.[22] On January 15, 2015, the Court granted Plaintiff's motion to withdraw the motion to remand, dismissed then-defendants Richard Freymann and Aela Zamecki as improperly joined in the suit, and abated the case for sixty days to allow Plaintiffs to provide State Farm proper notice pursuant to Texas Insurance Code § 541.154.[23] On May 21, 2015, the Court granted Plaintiffs' motion to lift abatement.[24] The parties thereafter filed the motions before the Court.

## II.  Motion to Continue Summary Judgment Proceedings

As an initial matter, Plaintiffs challenge the motion for summary judgment as premature, asserting that insufficient discovery has been completed to allow Plaintiffs an opportunity to properly oppose State Farm's motion for summary judgment.[25]  Under Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows by affidavit or declaration, with specificity, why it cannot present facts essential to justify its opposition to a motion for summary judgment, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.[26] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified*

---

[18] Plaintiff's Original Petition at ¶¶ 35-71.
[19] Dkt. No. 1.
[20] Dkt. No. 4.
[21] Dkt. No. 10.
[22] Dkt. No. 17.
[23] Dkt. No. 25.
[24] Dkt. No. 30.
[25] Dkt. No. 42 at ¶20.
[26] *See McKay v. Novartis Pharm. Corp.,* 751 F.3d 694, 700 (5th Cir.2014).

*reasons*, it cannot present facts essential to justify its opposition."[27] In this manner, the nonmovant must set forth "how additional discovery will create a genuine issue of material fact."[28]

Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would produce evidence creating a fact issue,[29] or (2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[30] Motions under Rule 56(d) are "viewed favorably and liberally granted."[31] A party seeking continuance or other relief authorized by Rule 56(d) "must show that it has exercised due diligence in the pursuit of discovery."[32]

As grounds for continuance, Plaintiffs argue deposition testimony from State Farm's corporate representatives and other fact witness involved in the handling of their claims still need to be secured in order to "adequately oppose" State Farm's motion for summary judgment.[33] Plaintiffs generally argue they need discovery to support their clams but do not specifically address the issues raised by State Farm's motion for summary judgment. In turn, State Farm argues a continuance is not warranted as Plaintiffs had "ample time to conduct discovery" while they contested jurisdiction and other initial issues in the case.[34] The Court finds that the discovery sought is not likely to create a fact issue for the reasons more fully set forth below.

---

[27] *Id* (emphasis added).
[28] *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 448 (5th Cir. 2001) (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)).
[29] *Beverly v. Wal-Mart Stores, Inc.*, 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993)).
[30] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.")
[31] Beattie v. Madison County School Dist., 254 F.3d 595, 605 (5th Cir.2001).
[32] *St. Bernard Parish v. Lafarge N. Am.*, 550 F. App'x 184, 187 (5th Cir. 2013) (denying extension of discovery after finding that party seeking 56(d) relief did not diligently pursue discovery), cert. denied sub nom. *Lafarge N. Am., Inc. v. St. Bernard Parish, La.*, 134 S. Ct. 2877 (2014)
[33] *See* Dkt. No. 42 at ¶¶ 16-20.
[34] Dkt. No. 44 ¶ 1.

Accordingly, the Court **DENIES** Plaintiffs' request for continuance of the summary judgment proceedings and rules on State Farm's motion for summary judgment.

### III. Motion for Summary Judgment

On June 24, 2015, State Farm filed its motion for summary judgment arguing summary judgment was warranted here because it did not breach the Homeowner Policy ("Policy").[35] State Farm also moved for summary judgment on Plaintiffs' extra-contractual claims, arguing these causes of action were "derivative of their defunct breach of contract claim" and that none of Plaintiffs' alleged facts could "give rise to an independent injury claim."[36]  Plaintiffs' petition alleged State Farm breached its contract, committed fraud, conspired to commit fraud, breached the common law duty of good faith and fair dealing, and violated Texas Insurance Code Chapters 541 and 542.[37] State Farm's arguments in favor of summary judgment proceed sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful.

### A. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38]  A fact is "material" if its resolution could affect the outcome of the action,[39] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-

---

[35] Motion for Summary Judgment at ¶ 7.
[36] Motion for Summary Judgment at ¶ 8.
[37] Plaintiff's Original Petition at ¶¶ 35-71.
[38] FED. R. CIV. P. 56(a).
[39] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)(internal quotation marks and citation omitted).

movant."[40]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[41]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[42]  In this showing, "bald assertions of ultimate fact" are insufficient.[43]  Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[44]  On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[45]  If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[46]  This demonstration must specifically indicate facts and their significance,[47] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[48]

Finally, because federal jurisdiction is invoked on the basis of diversity of citizenship,[49] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[50] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[51]

---

[40] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[42] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[43] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[44] *See Celotex Corp.*, 477 U.S. at 323.
[45] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[46] *See id.*
[47] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[48] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[49] *See* Dkt. No. 1 at ¶ 9.
[50] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[51] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

### i.   *Summary Judgment Evidence and Objections*

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[52]  Although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is un-contradicted and unimpeachable, but disregards evidence the jury is not required to believe.[53]  By either method, parties need not proffer evidence in a form admissible at trial,[54] but must proffer evidence substantively admissible at trial.[55]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[56]  Parties may cite to any part of the record, or bring evidence in the motion and response.[57]  However, allegations set out in a plaintiff's complaint are not evidence.[58]

In support of its motion for summary judgment, State Farm attached a copy of the policy at issue, an affidavit of underwriting team manager Terri Burger, the declaration of claim representative Calvin C. Fluker ("Fluker"), and State Farms' file history records associated with the Plaintiffs' insurance claim. Plaintiffs do not dispute the content of any of these documents, but rather object to Fluker's declaration and the file history records as inadmissible evidence. In turn, Plaintiffs offer an affidavit given by Mrs. Martinez, as well as an affidavit and estimate from Mr. Gene Riley ("Riley"). State Farm has objected to the evidence submitted by Plaintiffs.

---

[52] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[53] *See id.*
[54] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[55] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[56] *See* FED.R.CIV. P. 56(e).
[57] *See* FED. R. CIV. P. 56(c).
[58] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.")

The Court must now determine if the submitted documents are competent summary judgment evidence.

### ii.     Analysis

*Fluker Affidavit*

Plaintiffs object to the admissibility of the Fluker affidavit and attached file history records on the grounds that they "make[] no attempt to establish any factual basis for concluding that [Fluker] has personal knowledge of anything that happened with regard to Plaintiffs' claim."[59] To some extent, Plaintiffs are correct. However, Fluker's affidavit clearly states that "[t]he information contained herein is based on my personal knowledge and/or my review of State Farm Lloyds' (State Farm) records, and I certify that the facts and statements contained in this declaration are true and correct."[60] Additionally, Fluker's affidavit explains that his personal knowledge is based on the fact that in his capacity as a State Farm claim representative, he became familiar with Plaintiffs' damage claim file.[61] Therefore, the Court distinguishes between statements simply reiterating the notes from the attached records and these statements as a State Farm claim representative with corporate knowledge. The former constitutes hearsay and the objection to those statements is sustained. The latter are proper summary judgment evidence.

As to the file history records, it is well established that Rule 803(6) of the Federal Rules of Evidence creates a business records exception to the hearsay rule. Under Rule 803(6), a record is excluded from the rule against hearsay if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that

---

[59] Response at ¶ 17.
[60] Motion for Summary Judgment, Exh. B.
[61] *Id*.

activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . . .[62]

The Court finds Fluker's affidavit sufficiently attests that the records meet the requirements for admissibility. State Farm correctly points out that Fluker testifies that "he is familiar with the documents, that the documents are maintained in the ordinary course of business by State Farm, the documents are made by persons with knowledge of the events at or near the time they were made, and that all are true and correct copies of the same."[63] Therefore, the Court holds the Fluker affidavit and file history records are competent summary judgment evidence. Accordingly, except as noted above, the Court **OVERRULES** Plaintiffs' objection to these documents.

*Mrs. Martinez Affidavit*

Plaintiffs proffer Mrs. Martinez' affidavit to show that State Farm underpaid the claim, and thus breached the Policy. Mrs. Martinez' affidavit states that "State Farm did not provide us with sufficient funds to complete all the repairs necessary to fix all damages caused by the storm and hail-fall."[64] State Farm objects to this statement by Mrs. Martinez as conclusory and without basis. Additionally, the affidavit also states that the "State Farm adjuster who came to investigate the damage to [Plaintiffs'] house looked around the outside of the house and climbed up to the roof after very quickly looking at the interior damages."[65] State Farm objects that since "Mrs. Martinez does not testify how she has personal knowledge of the adjuster's work or that she was

---

[62] Fed.R.Evid. 803(6).
[63] Reply at p. 1 fn 1.
[64] Resonse, Exh. A at p. 1.
[65] *Id*. at p. 2.

even in attendance at the inspection," both of these sections "of the affidavit should be struck from the summary judgment record."[66]

While the Court agrees that these statements constitute "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation,"[67] more importantly, these statements do not raise a genuine issue of material fact. Furthermore, Mrs. Martinez' affidavit does not say that Plaintiffs ever followed up with State Farm as to the issues raised in its motion for summary judgment. Therefore, the Court finds no purpose in ruling on the objection.

*Riley Affidavit and Estimate*

Attached to Plaintiffs' response to State Farm's motion for summary judgment is an affidavit and estimate submitted by Riley at the request of Plaintiffs.[68] State Farm makes various objections to this affidavit. The Court finds it is unnecessary to rule on these objections because even if considered in its entirety, the Riley affidavit fails to raise a genuine issue of material fact. However, the Court does consider Riley's report for what it does not explicitly state; i.e. the actual date when Valley Wide inspected the property. Rather, the report notes only that the date of the estimate is December 30, 2014.[69]

## B. Breach of Contract

At issue in the pending motion for summary judgment is whether the evidence raises any issue of material fact that State Farm breached the Policy with Plaintiffs. Plaintiffs claim State Farm breached the contract by failing to pay adequate compensation as obligated by the policy.[70]

---

[66] Reply at p. 2 fn 5.
[67] *U.S. ex rel. Farmer*, 523 F.3d at 337 (citing *TIG Ins. Co.*, 276 F.3d at 759).
[68] Response, Exh. B.
[69] *Id*.
[70] Plaintiff's Original Petition at ¶¶56-57.

State Farm on the other hand, maintains Plaintiffs' claim was paid according to the Policy's loss settlement endorsement provision, which states:

**SECTION I –LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to Homeowners Policy)

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following:

a. [State Farm] will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **Section I – Coverages, Coverage A – Dwelling** . . . subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property . . . ;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you *actually and necessarily spend to repair or replace the damaged part of the property*, . . . ;

(3) *to receive any additional payments on a replacement cost basis*, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and *notify us* within 30 days after the work has been completed . . . .[71]

State Farm argues that it paid Plaintiffs the amount they "actually and necessarily spen[t] to repair or replace the damaged property"[72] and thus, it "fully complied with the Policy."[73] Further, State Farm argues that because Plaintiffs did not: (1) "object or in any way contest State Farm's payment of replacement cost benefits,"[74] *or* (2) indicate they "disagreed with the amount of loss determined by State Farm,"[75] *or* (3) "make a claim for any other damages,"[76] there is no

---

[71] Motion for Summary Judgment, Exh. A, p. 9 (emphasis added).
[72] Motion for Summary Judgment at ¶ 7.
[73] *Id.*
[74] Motion for Summary Judgment at ¶ 6.
[75] Motion for Summary Judgment at ¶ 5.
[76] Motion for Summary Judgment at ¶ 6.

dispute between the parties about the amount of loss.[77] Plaintiffs argue generally that State Farm breached the contract by underpaying the claim.

In Texas, insurance policies are controlled by Texas rules of contract construction.[78]   The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[79]   In Texas, the party claiming a breach of contract has the burden of proof.[80]

Here, the first element of a breach of contract claim is satisfied as the parties do not dispute that they entered into a valid contract. The central issue then is whether Plaintiffs performed or tendered performance. The Policy between the parties states "[State Farm] will pay the cost to repair or replace . . . the damaged part of the property covered," subject to conditions explained earlier.[81] The undisputed evidence is that State Farm paid the cost to repair or replace very soon after the Plaintiffs' claim was made. While Plaintiffs complain that the payment was insufficient, the policy does provide that to receive any additional payments, Plaintiffs must complete the repair or replacement *and* notify State Farm within 30 days after the work has been completed. The business records attached to Fluker's affidavit clearly indicate that in June 2012 the majority of all work had been completed. The Fluker affidavit itself establishes that State Farm received no further notice from Plaintiffs until 2 years later when suit was filed in June 2014. Neither Mrs. Martinez' affidavit or the Riley affidavit or estimate establish an earlier date

---

[77] Reply at ¶ 3.
[78] *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)).
[79] *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, rehearing overruled)).
[80] *W.G. Pettigrew Distrib. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1057 (S.D. Tex. 1996), *aff'd sub nom. W.G. Pettigrew Co. v. Borden, Inc.*, 127 F.3d 34 (5th Cir. 1997) (granting summary judgment to defendant because plaintiffs, who had the burden of proof, failed to establish essential elements of breach of contract)
[81] Motion for Summary Judgment*, Exh. A, at p. 9.

on which notice was provided to State Farm. In fact, the record as a whole supports State Farm's contention that after payment was made in June 2012, Plaintiffs had no further contact with State Farm until Plaintiffs filed the instant lawsuit. Thus, it is clear that Plaintiffs did not perform as required by the Policy.

What Plaintiffs appear to be alleging is that State Farm has a general duty under the policy to pay for damaged property covered by the Policy even when Plaintiffs fail to notify State Farm of any such damage.  This unsupported argument is simply without merit.  Plaintiffs failed to give prompt notice of their remaining property damages and failed to file a claim for the alleged damage to their property in contravention of the Policy. By way of Mrs. Martinez' affidavit, the Court observes Plaintiffs knew at the time of their roof replacement there was a need for further repairs to their property. At that point, Plaintiffs should have notified State Farm. Therefore, the Court finds that as it concerns these losses, this lawsuit is in contravention of the requirements of the Policy.  In turn, because Plaintiffs have failed to raise a genuine issue of fact, State Farm's motion for summary judgment as to the breach of contract claim is **GRANTED**.

### C.  Extra-Contractual Claims

Plaintiffs' original petition alleges extra-contractual claims against State Farm for (1) committing violations of Chapters 541and 542 of the Texas Insurance Code;[82]  (2) engaging in fraud and conspiracy to commit fraud;[83] and (3) breaching the common law duty of good faith and dealing.[84] State Farm argues Plaintiffs cannot maintain any extra-contractual causes of action because State Farm timely investigated the Plaintiffs' claim and paid the full amount owed pursuant to the Policy on the completed repairs.[85] State Farm contends that Plaintiffs cannot

---

[82] Plaintiff's Original Petition at ¶¶58-67.
[83] Id. at ¶¶46-54.
[84] Id. at ¶55 and ¶70.
[85] Motion for Summary Judgment at ¶10.

13 / 16

succeed on their extra-contractual claims because each cause of action in the original petition relates "solely" to the "defunct" breach of contact claim.[86] State Farm also argues Plaintiffs fail to allege facts that would give rise to an independent injury claim.[87]

*Bad Faith Claims*

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and Texas Insurance Code; both extra-contractual claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[88] Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[89]

In the instant case, Plaintiffs' bad-faith causes of action relate solely to property damage that Plaintiffs failed to notify State Farm of before filing suit. To the extent Plaintiffs even sufficiently alleged extra-contractual claims in their petition, the bad-faith causes of action relate solely to State Farm's investigation and handling of claims they initially submitted in May 2012, and claims they failed to submit after. Thus, far from providing evidence creating a genuine issue of material fact on these claims, Plaintiffs have failed to even allege an action which would constitute an independent injury.  Accordingly, the Court **GRANTS** summary judgment in State Farm's favor on Plaintiffs' common-law and statutory claims of bad faith.

---

[86] Motion for Summary Judgment at ¶8.
[87] Motion for Summary Judgment at ¶10.
[88] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).
[89] *See Boyd*, 177 S.W.3d at 922; *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998)).

*Prompt Payment of Claims*

Similarly, Plaintiffs brought a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims. It is undisputed here that State Farm tendered payment pursuant to the Policy, the same day it completed its inspection. Again, Plaintiffs failed to notify State Farm of their additional claims. Thus, because Plaintiffs have failed to even allege an action which would constitute an independent violation, the Court **GRANTS** summary judgment in State Farm's favor on this claim as well.

*Fraud & Conspiracy*

Lastly, State Farm prays that the Court dismiss all the remaining claims as a matter of law, as they are derivative of Plaintiffs' defunct breach of contract claim.[90] To the extent these allegations even properly state a claim, State Farm has sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the claims process and tendering of payment.  In contrast, Plaintiffs have failed to offer evidence to the contrary. As a result, the Court **GRANTS** summary judgment in favor of State Farm as to Plaintiff's fraud and conspiracy to commit fraud claims.

## IV.    Holding

Due to State Farm's compliance with the Policy, there is no breach of contract. Furthermore, Plaintiffs' extra-contractual claims for breach of the duty of good faith and fair dealing, as well as statutory violations of the Texas Insurance Code, do not survive absent the breach of contract claim.  Finally, Plaintiff's fraud and conspiracy to commit fraud claims are fatally unsupported.   Accordingly, the Court finds summary judgment as to all claims is warranted.   For the foregoing reasons, the Court **DENIES** the motion for continuance of the summary judgment proceedings, **GRANTS** the motion for summary judgment, and **DENIES** the

---

[90] Motion for Summary Judgment at p. 7.

motion to compel appraisal as moot. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of November, 2015.

Micaela Alvarez
United States District Judge